UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harvey Lee Preston,

        Plaintiff,        Case No. 24-cv-11253

v.        Judith E. Levy
        United States District Judge

John Bonn, *et al.*,

        Mag. Judge Kimberly G. Altman

        Defendants.

_____/

ORDER TRANSFERRING CASE TO
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Harvey Lee Preston filed a complaint alleging violations of his rights under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is self-represented and is currently incarcerated at Ionia Correctional Facility in Ionia, Michigan. (*Id.* at PageID.2.) According to Plaintiff, Defendants John Bonn, Santiago Davis, Donald Reed, "Javal," and "Herell" are individuals who work at Ionia Correctional Facility. (*Id.* at PageID.2–4.) Plaintiff indicates in the form complaint that each Defendant is sued in their individual capacity and official capacity. (*Id.*) Plaintiff also indicates that the events giving rise to his claims took place at Ionia

Correctional Facility. (*Id.* at PageID.7, 10.) Having reviewed the complaint, the Court concludes that venue is not proper in this district. The Court transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).[1]

"Venue is [generally] governed by 28 U.S.C. § 1391." *Fam. Wireless #1, LLC v. Auto. Techs., Inc.*, No. 15-11215, 2015 WL 5142350, at *4 n.3 (E.D. Mich. Sept. 1, 2015). Section 1391(b)(1) provides for "residential venue," and § 1391(b)(2) provides for "transactional venue."[2] 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.*

---

[1] Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2] Section 1391(b)(3) allows a third option for venue that is referred to as "fallback venue." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). Under § 1391(b)(3), if there is no district that meets the requirements of residential or transactional venue, a case may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). "Section 1391(b)(3) applies *only* if there is no federal district that will satisfy either the residential venue or transaction venue provisions." 14D Charles Alan Wright, et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024) (emphasis in original); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024) ("Plaintiff can use Section 1391(b)(3) only when it is impossible to use either of the first two options."). Here, the Western District of Michigan satisfies the residential and transactional venue provisions, as set forth below. Thus, "the fallback venue provision is absolutely

2

§ 3804 (4th ed. 2024). "[T]he plaintiff may choose to lay venue in any district that satisfies either provision." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806 (4th ed. 2024).

Under § 1391(b)(1)—the residential venue provision—a plaintiff may bring a case in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A person is "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487–88). Under § 1391(b)(2)—the transactional venue provision—a plaintiff may bring a case in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

---

irrelevant." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024).

3

If venue is improper in the district where a case is filed, but would be proper in a different district, "a district court has the power to sua sponte transfer [the] case" under § 1406(a).[3] *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *see Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes"—including § 1406(a)—"that give federal courts the power to transfer cases *sua sponte*."). Section 1406(a) provides that "cases should be transferred only when it is in the interests of justice." *Flynn*, 95 F. App'x at 738; *see* 28 U.S.C. § 1406(a). "Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn*, 95 F. App'x at 741 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

Here, the complaint names five Defendants, all of whom Plaintiff sues in their individual and official capacities. Plaintiff identifies

---

[3] A district court may also dismiss the case under § 1406(a). "The decision to dismiss or transfer an action under 28 U.S.C. § 1406(a) lies with the sound discretion of the Court." *Walton v. Jones*, No. 2:17-CV-13078-TGB, 2018 WL 4138926, at *1 (E.D. Mich. Aug. 29, 2018) (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)). "[C]ourts generally refrain from *sua sponte* dismissing an action for improper venue." *Fisi v. Extra Space Storage, Inc.*, No. 23-11825, 2023 WL 5105247, at *1 (E.D. Mich. Aug. 9, 2023).

4

Defendants as Michigan Department of Corrections' employees working at Ionia Correctional Facility. In addition, Plaintiff's claims arise from events that occurred at Ionia Correctional Facility. The facility is located in Ionia County, which is in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). There is no allegation in the complaint that Defendants—to the extent they are being sued in an individual capacity—are domiciled in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(c)(1). Because Defendants perform their official duties in Ionia County, and because the events giving rise to Plaintiff's claims took place in Ionia County, venue is not proper in this district. The Court finds that it is in the interest of justice to transfer the case to the Western District of Michigan, where venue is proper. *See* 28 U.S.C. § 1406(a).

Accordingly, the Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan.

IT IS SO ORDERED.

Dated: June 4, 2024       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
